IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

L. WALDO MATTHEWS and      )
JAMES MATTHEWS,            )
                           )
           Plaintiffs,     )
                           )
     v.                    )     1:06CV01017
                           )
FAIRFIELD GLADE RESORT,    )
                           )
           Defendant.      )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion to dismiss filed by Defendant. (Pleading No. 5.) Plaintiffs have opposed Defendant's motion. (Pleading No. 8.)

**Procedural History and Statement of Facts**

*Pro se* Plaintiffs L. Waldo Matthews and James Matthews brought this action on or about November 21, 2006, naming as Defendant Fairfield Glade Resort.[1] In their Complaint, Plaintiffs made no allegations concerning the Court's subject matter jurisdiction, but alleged that they "could not receive any legal advice from anyone in [North Carolina] why (sic) I filed in Federal Court." (Pleading No. 1, "Compl.") Plaintiffs' sole factual allegation was that they were not offered a fair price for their real property under a

---

[1] According to Defendant, it should be identified as Wyndham Vacation Resorts, Inc. f/k/a Fairfield Resorts, Inc.

settlement agreement between Defendant and the State of Tennessee. (*Id*. at 2.) Plaintiffs' sole claim for relief was for "Jury Demand." (*Id.* at 3.)

On December 8, 2006, Defendant moved to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim. (Pleading No. 5.) Thereafter, on January 11, 2007, Plaintiffs filed a Response, requesting that the Court "put [Plaintiffs] in a category of the settlement. . . " and that "Relief of the Settlement to be paid" by Defendant, including "[f]ull [v]alue" for their real property lot, filing fees and return of country club dues. (Pleading No. 8, Pl.'s Resp. at 2-3.)

## Discussion

Defendant has challenged Plaintiffs' Complaint on grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Pleading No. 6, Def.'s Mem. in Supp. of Mot. to Dismiss.) This Court finds merit in both of Defendant's arguments and recommends dismissal of the action on both, or either, of those grounds.

First, Defendant argues that there is no basis for this Court to exercise subject matter jurisdiction over this case. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Subject matter jurisdiction is essential to the exercise of judicial power, and the Court may order dismissal on the motion of a party or *sua sponte* when it appears that there is no basis for subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h). The plaintiff

-2-

bears the burden of pleading facts sufficient to establish subject matter jurisdiction. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Plaintiffs have not alleged any basis for the exercise of federal subject matter jurisdiction. Plaintiffs have not alleged a cause of action arising under any federal law so as to provide federal question jurisdiction. 28 U.S.C. § 1331. Neither have Plaintiffs alleged any facts sufficient to establish diversity jurisdiction. The Complaint does not include allegations regarding the citizenship of Plaintiffs or Defendant, nor is there any allegation or showing that the amount in controversy exceeds $75,000. Accordingly, there is no basis for the exercise of federal jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332. Plaintiffs have failed to establish that subject matter jurisdiction exists, and the action should be dismissed for that reason.

Defendant also seeks dismissal of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on grounds that Plaintiffs fail to state a claim upon which relief may be granted. A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). Such motions are granted only when, taking plaintiff's allegations as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [Plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *DeSole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (quoting *Coakley & Williams, Inc. v. Shatterproof Glass Corp.*, 706 F.2d 456, 457 (4th Cir.

1983)). Notwithstanding this generally liberal approach, a plaintiff's pleading obligations in federal court, while minimal, are not nonexistent. Even a *pro se* plaintiff must, directly or indirectly, allege facts that satisfy each element of some actionable legal theory. *See Dickson v. Microsoft Corp.*, 309 F.3d 193, 212 (4th Cir. 2002).

Plaintiffs' Complaint fails to allege a legally cognizable claim. The only facts alleged in Plaintiffs' Complaint are that Plaintiffs received a letter concerning a settlement agreement between Defendant and the State of Tennessee concerning the Plaintiffs' real property at Fairfield Glade Resort, and that Plaintiffs were offered 65% of their purchase price. (Compl. at 2.) In their Response, Plaintiffs allege that they believed the terms of the settlement agreement unacceptable. (Pls.' Resp. at 2.) They further specified the relief they were seeking, requesting that the Court "put [Plaintiffs] in a category of the settlement. . . "and that "Relief of the Settlement to be paid" by Defendant, including "[f]ull [v]alue" for their real property lot, filing fees and return of country club dues. (*Id.* at 2-3.) These factual allegations fail to set forth a claim for relief under any applicable law, and the action should be dismissed.

## Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Pleading No. 5) be granted as to all claims, and this action be dismissed without prejudice.

/s/ P. Trevor Sharp  
United States Magistrate Judge

Date: February 8, 2007